**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1442**

JEFFEREY L. VANDERHALL, as Assignee of Maurice Wilson and Priscilla J Ford,

    Plaintiff – Appellant,

  v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. Richard M. Gergel, District Judge. (4:14-cv-00518-RMG)

Submitted: November 24, 2015   Decided: December 3, 2015

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William P. Hatfield, HATFIELD TEMPLE, LLP, Florence, South Carolina; Robert N. Hill, LAW OFFICE OF ROBERT HILL, Lexington, South Carolina, for Appellant. Charles R. Norris, Robert W. Whelan, NELSON MULLINS RILEY & SCARBOROUGH LLP, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jefferey Vanderhall appeals from the district court's order granting the Defendant's motion for summary judgment in his civil case raising issues related to an insurance settlement dispute. Vanderhall argues that an offer to settle an insurance claim made on his behalf while he was unconscious in a coma was legally valid because his mother acted on his behalf as his implied agent and he later ratified the actions of the attorney hired by his mother. We affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Seremeth v. Bd. of Cty. Comm'rs Frederick Cty., 673 F.3d 333, 336 (4th Cir. 2012). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986). An otherwise properly supported summary judgment motion will not be defeated by the existence of some factual dispute, however; only disputes over facts that might effect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment.  Id. at 248.

The district court properly found — and the parties do not dispute — that South Carolina law applies to this case.  The district court determined that while Vanderhall was in a coma, his mother, who hired an attorney to represent Vanderhall and present a settlement offer to the insureds' insurance company, Defendant State Farm Mutual Automobile Insurance Company (State Farm), did not have legal authorization to act on his behalf while he was incapacitated.*  Vanderhall does not contest that his mother did not have express legal authority or court appointment to act on his behalf.  Rather, Vanderhall argues that because: his mother handled his finances, including his social security disability benefits; he lived with his mother; and he trusted that she would act in his best interest, his mother had implied pre-existing agency to settle the insurance claim.  State Farm counters that Vanderhall did not expressly intend for his mother to negotiate, enter settlement, and

---

* Vanderhall suggests in his brief that the district court considered that his incapacity was due to his slight brain damage or mild retardation; however, our reading of the district court's order reveals no indication that it was relying on any condition or period of time other than the time Vanderhall was unconscious and in a coma.

release claims before he became temporarily incapacitated after the accident.

Apparent implied agency may be established by "affirmative conduct" by the principal or "conscious and voluntary inaction." Froneberger v. Smith, 748 S.E.2d 625, 630 (S.C. Ct. App. 2013). Apparent agency requires "that the purported principal consciously or impliedly represented another to be his agent." Graves v. Serbin Farms, 409 S.E.2d 769, 771 (S.C. 1991). A principal must make direct representations to a third party that another has authority to act on his behalf. Froneberger, 748 S.E.2d at 630. "Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe the principal consents to have the act done on his behalf by the person purporting to act for him." Frasier v. Palmetto Homes of Florence, 473 S.E.2d 865, 868 (S.C. Ct. App. 1996).

The only evidence of an implied agency is Vanderhall's mother handling his finances, that he lived with her, and that he trusted her to do the right thing on his behalf. However, the principal must evidence an express intent that he confirmed a third party to act on his behalf and that the third party's actions were within the scope of his or her authority. There is no express or implied conduct or statements reflecting that

4

Vanderhall intended for his mother to act on his behalf to negotiate and enter settlement and release claims before Vanderhall was injured in the accident. Reviewing South Carolina law, we determine that these general facts alone are insufficient to create a broad and general implied agency. Further, to permit an implied agency based on such a general statement is inapposite to South Carolina's statutes protecting incapacitated persons. See S.C. Code Ann. §§ 62-5-101, 62-5-304, 62-5-433 (2009). We therefore conclude that the court did not err in deciding that Vanderhall's mother did not have implied authority to act on his behalf.

Vanderhall also argues that he later ratified his attorney's original settlement offer after he regained consciousness. State Farm centers its arguments on when a duty to settle arises. State Farm contends that because the offer itself expired before Vanderhall even regained consciousness, it was impossible both for him to ratify the offer and to create a duty to settle before he had an opportunity to ratify the offer.

"With regard to the effect upon a client of acts of his attorney done without express authority . . . under some circumstances the client will be held to have ratified the unauthorized acts of his attorney or to be estopped to deny the latter's authority. The authority of an attorney, or a ratification of his unauthorized acts, may be inferred from

5

circumstances." Foxworth v. Murchison Nat'l Bank, 134 S.E. 428, 431 (S.C. 1926) (internal quotation marks omitted).

Vanderhall contends that he never disaffirmed the attorney-client relationship, renounced the settlement offer, or expressed dissatisfaction with counsel. Vanderhall, however, never had the true opportunity to ratify the settlement offer because he was not conscious during the 10-day time frame to accept or reject the offer that was imposed by his attorney. In fact, after speaking with his mother, he rejected the counter offer and stated that he wanted to sue. This is not specifically a ratification of the settlement offer, nor did it create a duty for State Farm to retroactively accept the original settlement offer. We conclude that Vanderhall did not present sufficient evidence to create a jury question on this issue.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED